**In re Arthur JACKELS and Janice Jackels, Debtors.**

**Bankruptcy No. 4–85–845.**

United States Bankruptcy Court,
D. Minnesota.

Aug. 6, 1985.

68

Ralph E. Sheffey, St. Cloud, Minn., for debtors.

Mark J. Kalla, St. Cloud, Minn., for creditor.

## AMENDED ORDER DENYING USE OF CASH COLLATERAL

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion of the debtors seeking the use of cash collateral. Ralph E. Sheffey appeared for the debtors and Mark Kalla appeared for the Stearns County National Bank. There was no appearance by or on behalf of Hazel Lamprecht.

Subsequently, the Stearns County National Bank made a motion for amended findings. A hearing was held on that motion on August 5, 1985. Mark J. Kalla appeared for the Stearns County National Bank and John Wegner appeared for Hazel Lamprecht.

An order denying use of cash collateral was entered on June 18, 1985. This amended order is entered pursuant to the motion of the Stearns County National Bank.

The debtors are farmers who own dairy cows. The cows are collateral for a loan from the Stearns County National Bank of Albany. In addition to granting a security interest in the cows to the Stearns County Bank, the debtors have given the bank a dairy assignment for 35% of their monthly milk check. They have also given Hazel Lamprecht a milk assignment of $500.00 per month. The debtors' motion indicates that Lamprecht has a security interest in

some of the debtors' equipment.[1] She has not opposed the debtors' motion.

While the debtors' motion is one for the use of cash collateral under 11 U.S.C. § 363(c)(2)(B), it must be denied as moot. I think that this motion is controlled by § 552, which provides:

(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

(b) Except as provided in section 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. § 552.

The general rule then is that property acquired after the commencement of the case is not subject to any security interest. The debtors filed their petition on May 3, 1985. I assume at this point that all pre-petition milk has been sold and the proceeds distributed in accordance with the milk assignments. The issue here is proceeds of milk produced after the commencement of the case. While § 552(a) essentially terminates security interests as a general rule, there is a very large exception found in § 552(b). That exception ap-

---

1. This sentence was changed in response to the bank's motion.

plies only to the extent that the security interest in the collateral itself (here, the cows) extends to "proceeds, product, offspring, rents, or profits of such property." A milk assignment is a separate independent security interest and thus is not governed by the exception found in § 552(b).

While there was no evidence that the security interest in the cows itself covered products, even then the exception would not help the bank.[2] While there can be no doubt that in agricultural parlance milk is a product of a cow, that is not the meaning of the word product in the context of security interests. Rather, products is a term used to apply to security interests in such things as raw materials which are converted into inventory or other finished products after the filing of the petition. *In re Lawrence*, 41 B.R. 36 (Bktcy.Minn.1984), *aff'd. In re Lawrence*, CIV 3–84–377, —— B.R. —— (D.Minn. May 17, 1984). *See also In re Serbus*, 48 B.R. 5 (Bktcy.Minn.1984).

Therefore, the milk produced subsequent to the commencement of the case is not subject to either of the milk assignments and therefore the proceeds from the sale of that milk are not cash collateral. As a result the debtors' motion seeking court approval to use cash collateral is moot.

THEREFORE, IT IS ORDERED: The debtors' motion seeking the use of cash collateral is denied.

---

2. The bank also asked that I amend this sentence. However, the original order correctly reflects the lack of any evidence on this fact and is not meant to be a finding that the bank does not have a security interest in the debtors' cows.