In re Vaughn R. DREWES and Roberta M. Drewes d/b/a Bova Farms, Debtors.

Wesley B. HUISINGA, Trustee, Plaintiff,

v.

SECURITY BANK & TRUST COMPANY, Defendant.

Bankruptcy No. 83–02048.

Adv. No. 84–0024W.

United States Bankruptcy Court, N.D. Iowa.

Nov. 13, 1986.

Wesley B. Huisinga, Cedar Falls, Iowa, Trustee/plaintiff.

Richard R. Phillips, Decorah, Iowa, for defendant/Bank.

Richard L. Hansen, Cedar Falls, Iowa, for debtors.

FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW, and ORDERS Voiding Defendant's Security Interest; ORDER Directing Turnover of Funds

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court involves Trustee's complaint to avoid a security interest and for turnover of funds. The Court having reviewed the stipulated facts and memoranda of law submitted by the parties, now makes the following Findings of Fact, Conclusions of Law, and Order pursuant to F.R.B.P. 7052. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(E).

### FINDINGS OF FACT

On February 15, 1983, the Debtors, Vaughn R. Drewes and Roberta M. Drewes, filed a Petition under Chapter 11 of the United States Bankruptcy Code. The Debtors continued as debtors-in-possession until October 26, 1983, when the Debtors converted their case to a Chapter 7 proceeding. On that date, the Plaintiff, Wesley B. Huisinga, was appointed Trustee of the Chapter 7 estate.

Prior to the Debtors' filing their Chapter 11 proceedings, the Defendant, Security Bank & Trust Company, had advanced sev-

eral loans to the Debtors. The parties stipulated the unpaid principal balance owed to the Defendant as of November 4, 1983, was $128,253.03. The accrued interest as of that date was $23,245.42, for a total debt of $151,498.45.

All of the debt described above was pre-petition debt, except for interest accrual. The Defendant, Security Bank & Trust Company, did not advance any loans to the Debtors on or after February 15, 1983, the date of filing.

The Defendant, Security Bank & Trust Company, has a validly perfected security interest in various items of farm property, including livestock, machinery, feed and crops. This security agreement includes any and all increase, additions, accessions and substitutes of and for the collateral.

Subsequent to the date of filing (February 15, 1983), the Debtors-in-Possession planted and cultivated their 1983 corn crop. Upon conversion of the Debtors' case to Chapter 7, the corn crop remained in the field unharvested.

Upon agreement between the Trustee and Defendant, Security Bank & Trust Company, the unharvested crop was harvested by the Defendant, Security Bank & Trust Company, with the additional agreement that the Defendant would provide the Trustee with an accounting of the number of bushels harvested and sold and the costs incurred by the Defendant for harvesting. It was further agreed that the proceeds would be held by the Defendant in escrow until the Bankruptcy Court could make a determination as to the validity of the Bank's claimed security interest in the 1983 corn crop.

The Bank has provided an accounting to the Trustee which shows total sale proceeds from the sale of the 1983 crop to be in the sum of $32,034.15. The costs incurred by the Defendant, Security Bank & Trust Company, for harvesting of the crop is in the sum of $2,500.00. The Trustee acknowledges the harvesting expenses to be fair and reasonable and acknowledges the Bank should be reimbursed for those expenses. The Trustee has filed his complaint requesting the Court to determine the Bank has no valid security interest in the net proceeds of $29,534.15, and requests the Court to enter an Order directing the Bank to turn over that sum, together with any interest earned on those funds during the pendency of the escrow agreement.

## DISCUSSION AND CONCLUSIONS OF LAW

The main issue in this case is whether a lien attached to the corn crop planted after the filing of the Chapter 11 because of the security interest the Bank had in Debtors' after-acquired property. The Trustee's complaint is captioned, "Complaint to Avoid Security Interest ...". However, the complaint is actually couched in terms of a complaint to determine nature, extent, and priority of liens. This matter has been presented and briefed on the issue of whether the Bank's pre-petition lien attached to the post-petition corn crop. Therefore, the Court will proceed to determine that issue, rather than the issue of whether any lien which might have attached can be avoided by the Trustee.

The controlling provision of the Bankruptcy Code is Section 552. It provides that property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case except as provided in subsection (b). *In re Hamilton,* 18 B.R. 868, 870 (Bkrtcy.D.Colorado 1982). "The [§ 552(b)] exception is a very limited one intended to cover the situation where a creditor holds a security interest in raw materials, and after the filing of a bankruptcy petition, the debtor[s] change their form by converting them into inventory." *In re Underbakke,* 60 B.R. 705, 707 (Bkrtcy.N.D.Iowa 1986). This Court held "the exception was intend-

ed to *protect* a creditor's interest in particular pre-petition goods or collateral from being terminated by the filing of a bankruptcy petition" (emphasis added). *Id.* at 707. *See, also, In re Jackels,* 55 B.R. 67 (Bkrtcy.D.Minn.1985).

"Courts applying this section to farm bankruptcies have unanimously concluded that a pre-petition security interest is valid as to any crops that were planted before the filing of the bankruptcy petition. However, a pre-petition security interest does not cause a lien to attach to crops which are not planted until after the filing of the petition." *In re Randall,* 58 B.R. 289, 290 (Bkrtcy.C.D.Ill.1986). Moreover, section 552(b) does not make an exception for "crops" arising post-petition. *In re Sheehan,* 38 B.R. 859, 863 (Bkrtcy.S.D.1984).

Applying these principles to the case at bar, since the Court has found that the crop was planted after the Chapter 11 filing, the Court concludes the crop was after-acquired property within the meaning of Section 552(a). Therefore, the Bank has failed to establish that its security interest attached to the 1983 corn crop and consequently to the proceeds of the corn crop.

## ORDER

IT IS THEREFORE ORDERED the Bank has no security interest in the proceeds of Debtor's 1985 corn crop. Furthermore, the Bank is required to turn over to the Trustee the net proceeds of $29,534.15 plus interest.