**In re Willard Willis WALLMAN, d/b/a Farmer, Debtor.**

**Bankruptcy No. 483–00021.**

United States Bankruptcy Court, D. South Dakota.

March 6, 1987.

J. Bruce Blake, Sioux Falls, S.D., for debtor/movant Willard Willis Wallman, d/b/a Farmer.

Robert J. Haar, Asst. U.S. Atty., Sioux Falls, S.D., for creditor/respondent the U.S. by and through one of its agencies, the Farmers Home Admin.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

### INTRODUCTION

■ This matter is before the Court on a motion for contempt and sanctions filed on behalf of Willard Willis Wallman ("debtor") by Attorney J. Bruce Blake on January 26, 1987.[1] Debtor substantively alleges that: 1) Bankruptcy Code Section 552 extinguishes a creditor's otherwise properly perfected prepetition future crop security interest (after-acquired property clause in security agreement) on any crops which have been planted by the debtor postpetition; and 2) Because the creditor has no lien in the postpetition crops, it, therefore, has no lien in the proceeds resulting from the sale thereof. Assistant United States Attorney Robert J. Haar represents the Farmers Home Administration (FmHA), and a hearing was held on February 5, 1987, at Sioux Falls, South Dakota.

### BACKGROUND

Debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 20, 1983. He operates a crop farming business in Beadle County, South Dakota.

Approximately one year prior to filing for relief, in exchange for an FmHA loan, the debtor both executed a promissory note

---

1. Although this should have been properly brought before the Court as a complaint for determination of extent and validity of liens, the Court decided to hear the matter. *See* B.R. 7001.

and entered into a security agreement.[2] Among other things, the debtor granted the FmHA a security interest in:

"All crops, annual and perennial, and other plant products now planted, growing or grown, or *which are hereafter planted or otherwise become growing crops or other plant products....*"[3]

Both parties agreed that the FmHA properly perfected its security interest in the debtor's future crops.

On August 27, 1985, the parties entered into a written settlement agreement "as a full and complete compromise settlement of all controversies existing between them, and also for the purposes, where appropriate, for inclusion in the debtor's Chapter 11 reorganization plan to be hereafter amended by him to include this settlement agreement...." While the agreement provided that FmHA's "liens on the machinery and equipment will remain in place until paid in full," no future interest in crops provision was included therein. .

In 1986, the debtor, still in the process of reorganizing, planted and, thereafter, harvested a wheat crop. On November 15, 1986, the debtor delivered a portion of this crop to the Yale Elevator and received a check in the sum of $9,983 payable to himself and the FmHA. FmHA insists that it has a lien interest in the proceeds from the sale of his 1986 crop.

## ISSUES

The principal issues raised are:

1) Whether Bankruptcy Code Section 552 extinguishes a creditor's otherwise perfected prepetition future crop security interest on crops which have been planted postpetition; and

**2.** The security agreement in question was entered into between the parties on April 1, 1982. FmHA and the debtor had been involved in a financing arrangement since at least 1972.

**3.** This type of provision is commonly known as an after-acquired property clause. Except for consumer goods other than accessions, South Dakota generally recognizes the validity of an after-acquired property clause as includable as part of security for personal property. *See* S.D. C.L. § 57A–9–204.

2) If so, whether a creditor may properly claim a lien in the proceeds resulting from the sale of crops planted postpetition under Bankruptcy Code Subsection 552(b).

## LAW

### A. First Issue

■ As to the first issue, the Court holds that Bankruptcy Code Section 552 extinguishes a creditor's otherwise properly perfected prepetition future crop security interest on crops which have been planted postpetition. This is based on the following discussion.

With certain exceptions, Bankruptcy Code Subsection 552(a) clearly provides that property acquired by the debtor or the bankruptcy estate *after* the filing of the petition is *not* subject to any lien resulting from an after-acquired property clause in a security agreement entered into *before* the filing of the petition. 11 U.S.C. § 552(a).[4] *See also In re Sheehan*, 38 B.R. 859, 863 (Bkrtcy.D.S.D.1984). The legislative history of section 552 states this proposition as follows:

Under the Uniform Commercial Code, Article 9 [9–204], creditors may take security interests in after-acquired property. This section governs the effect of such a prepetition security interest in postpetition property....

As a general rule, if a security agreement is entered into before the case, then property that the estate acquires is not subject to the security interest created by the security agreement....

House Rep. No. 595, 95th Cong., 1st Sess. 376–77 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6332, 6333.

**4.** Bankruptcy Code Subsection 552(a) reads as follows:

"Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

Within given limits, Bankruptcy Code Subsection 552(b), however, excepts certain lien interests from the effect of subsection (a). *See* 11 U.S.C. § 552(b).[5] Among other things, "proceeds" are generally excepted under this provision. *Id.*

Offering no authority or argument other than noting its security agreement's after-acquired property interest clause, the FmHA simply insists that its lien attaches to the proceeds of the debtor's 1986 wheat crop. The Court is unsure as to exactly what the FmHA's argument is.

Including this Court, in *In re Sheehan,* 38 B.R. 859, 863 (Bkrtcy.D.S.D.1984), several courts, in some form, have addressed the issue of whether Bankruptcy Code Section 552 extinguishes a creditor's otherwise properly perfected prepetition future crop security interest on crops which have been planted postpetition and have unanimously held that the prepetition lien does not attach to postpetition planted crops.[6] *See In re Drewes,* 68 B.R. 153, 155 (Bkrtcy.N.D. Iowa 1986); *In re Randall,* 58 B.R. 289, 290 (Bkrtcy.D.C.Ill.1986); *In re Lorenz,* 57 B.R. 734, 736 (Bkrtcy.N.D.Ill.1986); *In re Hugo,* 50 B.R. 963, 967 (Bkrtcy.E.D.Mich. 1985); *In re Hamilton,* 18 B.R. 868, 871 (Bkrtcy.D.Colo.1982).

In the instant case, it is undisputed that the debtor planted the crops postpetition (more than three years after filing). Thus, the issue raised is precisely the question addressed by this Court in *In re Sheehan,* 38 B.R. at 859. Based on the foregoing, this Court affirms its holding in *In re Sheehan* and, therefore, holds that the FmHA's lien did not attach to the debtor's 1986 wheat crop.

### B. Second Issue

As to the second issue, because the Court has previously found that the FmHA's lien did not attach to the debtor's 1986 wheat crop, the Court, therefore, holds that, under Bankruptcy Code Subsection 552(b) or otherwise, its lien does not attach to the $9,983 check which is proceeds resulting from the sale thereof. This is based on the following discussion.

The "proceeds" exception in subsection (b) *only* refers to proceeds generated by prepetition collateral, *not* proceeds of after-acquired property. 11 U.S.C. § 552(b). *See In re Lorenz,* 57 B.R. 734, 736 (Bkrtcy.N.D.Ill.1986). Proceeds of collateral may be held to be secured by a prepetition security interest only if the collateral which produces the proceeds was acquired by the debtor prepetition. *Id.* What this means is if FmHA's lien did not attach to the debtor's postpetition planted wheat crop, it certainly does not attach to the proceeds resulting from the sale thereof. To hold otherwise would allow reattachment of the already eliminated lien in every case in which the debtor sells the property. Based on the foregoing, the Court holds that the FmHA's lien does not attach to the $9,983 check issued by Yale Elevator to the debtor in exchange for delivery of part of his 1986 wheat crop.

It is, therefore

ORDERED that the FmHA endorse the check and inform any interested elevators that it no longer claims a lien in any wheat crops which were planted by the debtor after January 20, 1983 (petition filing date).

---

**5.** Bankruptcy Code Subsection 552(b) reads as follows:

Except as provided in section 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

**6.** In *In re Sheehan,* the Court noted, among other things, that subsection 552(b) does not make an exception for "crops" arising postpetition.